**MICCI J. WEISS LAW, LLC**
Micci J. Weiss, Esq.
101 Crawford Corner Rd., Suite 4116
Holmdel, NJ 07733
(732) 768-7977
Email: Micci@mjweisslaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| THE GREENHOUSE OF SWEDESBORO, LLC AND JENNIFER BAUS, <br><br> Plaintiffs, <br><br> v. <br><br> BOROUGH OF SWEDESBORO and COUNCIL FOR THE BOROUGH OF SWEDESBORO, <br><br> Defendants. | CIVIL ACTION NO. <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs, The Greenhouse of Swedesboro, LLC and Jennifer Baus, submit the following Complaint against Defendants Borough of Swedesboro and Council for the Borough of Swedesboro:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages and injunctive relief against Defendants for their violations of Plaintiffs' civil rights under the Fourteenth Amendment to the Constitution of the United States resulting from the unlawful acts of Defendants as hereinafter set forth.

1

## JURISDICTION AND VENUE

2.      This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The declaratory and injunctive relief sought by Plaintiffs is authorized by 28 U.S.C. §§ 2201, 2202, 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

4.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2) as the actions complained of took place in the Borough of Swedesboro in the County of Gloucester, State of New Jersey, which is located, the District of New Jersey, Camden Division.

5.      This Court has the authority to award costs and fees pursuant to 42 U.S.C. § 1988.

## PARTIES

6.      Plaintiff, The Greenhouse of Swedesboro ("Greenhouse"), is a limited liability company formed under the laws of the State of New Jersey.

7.      Plaintiff Jennifer Baus ("Ms. Baus") is an individual who resides in that State of New Jersey.

8.      Defendant Borough of Swedesboro (the "Borough") is a municipal entity formed under the laws of the State of New Jersey, with a principal office located at 1500 Kings Highway Swedesboro, NJ 08085.

9.      Defendant Council for the Borough of Swedesboro is a body corporate and politic of the State of New Jersey located at 1500 Kings Highway, Swedesboro, NJ 08085.

2

**FACTUAL ALLEGATIONS**

*The State approves recreational cannabis and Swedesboro opts out*

10. This matter arises from the Borough's unconstitutional conduct regarding the solicitation, acceptance and/or approval of Cannabis Business License Applications seeking Resolutions of Support from the Borough Council in connection an applicant's application to the Cannabis Regulatory Commission (the "CRC") for Class V Cannabis Retailer Licenses.

11. The New Jersey Cannabis Regulatory, Enforcement, Assistance, and Marketplace Modernization Act, N.J.S.A. 24:61-31, *et seq.*, and accompanying regulations, N.J.A.C. 17:30-1, *et seq.*, authorize the adult use, possession, cultivation, manufacture, wholesale, delivery, transportation and retail sale of cannabis, and related operations (the "Act").

12. When signed into law in 2021, the Act required that all municipalities in the State either "opt in" to allow or "opt out" to prohibit recreational cannabis operations within each municipality. Id.

13. If a municipality opted out, it could eventually amend its ordinance to opt in. Id.

14. On July 19, 2021, Swedesboro passed Ordinance #O-08-2021, which prohibited the operation of any class of cannabis license within the Borough.

*Plaintiffs' efforts to get Swedesboro to allow Class V Cannabis Retailer Licenses*

15. Beginning in October 2023, Ms. Baus' consultants reached out via email to the Borough seeking a meeting to discuss Swedesboro opting in to allow Class V Cannabis Retailer Licenses.

16. Ms. Baus' consultants met with representatives of the Borough three times and communicated extensively with the Borough via email.

17. Ms. Baus' consultants are white men.

18. The Borough at the time did not know Ms. Baus, a Black woman was founder of Greenhouse.

19. In December 2023, Ms. Baus reached out directly to Councilman Shaun Booker who agreed to set up a meeting with Ms. Baus, Councilman Booker, and Mayor Fromm to discuss bringing a Class V Cannabis Retailer dispensary to the Borough.

*Plaintiffs succeed - the Borough opts in to allow Two Class V Cannabis Retailers*

20. The meeting and subsequent discussions were successful.

21. On May 20, 2024, the Borough passed Ordinance #O-05-2024 to allow two (2) cannabis dispensaries in the Borough (the "Ordinance"). The Ordinance states in part:

> Maximum number of licenses. The Borough may issue a maximum of two Class V licenses.

See Section 113-3 of the Swedesboro Code.

*The Borough's cannabis application process*

22. The Ordinance also states the following:

> D. Application. Persons wishing to obtain a cannabis retailer license shall file a license application with the Borough on a standardized form established by the Borough and available in the Clerk's office. An application shall be deemed incomplete, and shall not be processed by the Borough, until all documents and application fees are submitted. To be deemed complete, all applications shall be accompanied by the following:
>
> (1) The applicant shall submit proof that the applicant has or will have lawful possession of the premises proposed for the cannabis retail location, which proof may consist of: a deed, a lease, a real estate contract contingent upon successful licensing, or a binding letter of intent by the owner of the premises indicating an intent to lease the premises to the entrant contingent upon successful licensing.

23. The Borough of Swedesboro Cannabis Application ("Borough Cannabis Application") states in part in the very first sentence:

Applications will be received by the Borough of Swedesboro on a rolling basis.

24.     Under the Cannabis Laws, an applicant for an annual cannabis business license must submit to the CRC, among other requirements, proof of local support in accordance with N.J.A.C. 17:30-7.10(b)(9).

*Plaintiffs request a copy of the cannabis license and are purposely given the wrong application*

25.     Immediately after passing the Ordinance, the Borough began a course of discriminatory conduct against Plaintiffs that has continued to present day.

26.     Despite the Ordinance allowing for two (2) Class V Cannabis Retailer licenses, the Borough made it impossible for Greenhouse to obtain a license in clear violation of Plaintiffs' constitutional rights.

27.     On May 21, 2024, the very next day after the Ordinance was passed, Greenhouse requested the cannabis application from Jena Dolbow, the Borough Clerk/Registrar in person and then via email.

28.     Rather than provide a copy of the cannabis application, the Borough Clerk provided the wrong application to Greenhouse and directed Greenhouse to the Planning Board Secretary, Heather Samples.

*The Borough confirms Plaintiffs have the correct cannabis application (Plaintiffs did not)*

29.     Also on May 21, 2024, the Borough Clerk confirmed that the Borough provided the correct application when it knew or should have known that it did not. Id.

30.     On May 28, 2024, the Planning Board Secretary confirmed that Greenhouse had the correct application.

31.     The Borough made these false representations despite knowing it gave Greenhouse a zoning application and not the cannabis application.

32. Plaintiffs are unaware of any other applicants who were given the wrong application. Plainly, this deprived Plaintiffs of their rights.

*Plaintiffs work tirelessly to complete the wrong cannabis application*

33. From May 21, 2024 through September 9, 2024, Greenhouse worked on completing the application provided by the Borough.

34. Greenhouse retained an engineering firm, architectural firm, and legal counsel.

35. The entire time, Ms. Baus was in communication with the Planning Board Secretary.

36. During this time, Ms. Baus and Councilman Booker communicated via text messages and FaceBook Messenger.

37. Several dozen text messages were exchanged between Councilman Booker and Ms. Baus.

38. Ms. Baus reiterated multiple times that the application she was given on behalf of Greenhouse by the Borough was extensive and required significant professional work and time.

39. The Borough told Ms. Baus to keep going and that she would get through it.

*The Borough issues a resolution of support to The Jersey Joint Dispensary, LLC*

40. On July 1, 2024, pursuant to N.J.A.C. 17:30-7.10(b)(9), the Borough council issued Resolution # R-67-2024 in support of The Jersey Joint Dispensary, LLC's application to the CRC to locate a Class V Cannabis Retailer at 2030 Kings Highway, Swedesboro, NJ ("2030 Kings Property").

41. This caught Ms. Baus off guard who immediately contacted Councilman Booker to express her dismay at how a different company was able to so quickly hand in the cannabis application that was taking her months to complete.

42. Councilman Booker advised Ms. Baus to continue on and to hand in the application when it was complete.

43. What Ms. Baus did not know but would soon learn was that the Borough Clerk provided her with the wrong application.

44. Curiously on July 19, 2024, 2030 Kings Property was purchased for $625,000.00. The same property was purchased in May 2023 for $290,000.00.

45. Upon information and belief, 2030 Kings Property was purchased for The Jersey Joint Dispensary, LLC's license.

*At the August 19, 2024 Borough Council meeting, the Borough rescinds its resolution to The Jersey Joint, issues a resolution to a different company – The Jersey Joint Swedesboro, LLC, and introduces an ordinance to reduce the number of Class V Cannabis Retailer licenses from two to one*

46. Almost Immediately thereafter on August 19, 2024, the Borough introduced an ordinance to reduce the number of cannabis retail licenses from two to one.

47. The Borough did this knowing that Ms. Baus was working towards submitting the wrong "cannabis application" provided to her by the Borough.

48. The Jersey Joint Dispensary, LLC could not move forward with its license in Swedesboro because its annual application with the CRC for a Class V Cannabis Retailer license was approved in another municipality.

49. A company may not hold more than one (1) Class V Cannabis Retailer license. See N.J.S.A. 24:6I-46.

50. At the August 19, 2024 meeting, presumably at the request of The Jersey Joint Dispensary, LLC, the Borough passed Resolution #R-77-2024 rescinding Resolution #R:67-2024 which supported The Jersey Joint Dispensary's Class V Cannabis Retail License application to the CRC.

*The Borough issues a resolution to The Jersey Joint Dispensary Swedesboro – a company that did not file an application or could not have lawful possession over 2030 Kings Property*

51.     Also, at the August 19, 2024 meeting, the Borough issued Resolution #R-78-2024 in support of The Jersey Joint Dispensary Swedesboro, LLC's application to the CRC for a Class V Retailer License to be located at 2030 Kings Property. Such vote was arbitrary and capricious, was without any basis in law or fact, was discriminatory and plainly violated Plaintiffs' constitutional rights.

52.     The Jersey Joint Dispensary Swedesboro, LLC and The Jersey Joint Dispensary, LLC are two (2) different companies.

53.     The Ordinance requires an applicant to provide proof that it has or will have lawful possession of the premises proposed for the cannabis retail location.

54.     It is impossible for two companies to have lawful possession over the same premises.

55.     Upon information and belief, The Jersey Joint Dispensary Swedesboro, LLC did not submit a cannabis application to the Borough.

56.     Alternatively, The Jersey Joint Dispensary Swedesboro, LLC's cannabis application could not be deemed complete since The Jersey Joint Dispensary, LLC had lawful possession over 2030 Kings Property.

57.     Nevertheless, the Borough issued The Jersey Joint Dispensary Swedesboro, LLC a Resolution of Support at the 2030 Kings Property – the same property that The Jersey Joint Dispensary, LLC submitted with its cannabis application.

*The Borough adopts the ordinance reducing the number of Class V Cannabis Retailer licenses*

58.     On September 2, 2024, the Borough adopted ordinance # O-11-2024 reducing the maximum number of Class V Cannabis Retailer Licenses from two to one. Such vote was arbitrary and capricious, was without any basis in law or fact, was discriminatory and plainly violated Plaintiffs' constitutional rights.

*Plaintiffs deliver the "cannabis application" and are told they filed the wrong application*

59.     On September 9, 2024, Ms. Baus delivered the "cannabis application" to Borough Hall.

60.     Upon filing the "cannabis application" with the Borough Clerk, Ms. Baus was told she had the wrong application – the wrong application that the same Borough Clerk provided Ms. Baus and her team the day after the Ordinance was passed and the same wrong application that the Borough Clerk and Planning Board Secretary both confirmed to Ms. Baus was the correct application.

*The Borough provides the correct cannabis application that Plaintiffs file less than 3 days later*

61.     The Borough handed Ms. Baus a copy of the correct cannabis application, told her to fill it out and come back to file it by Thursday, September 12, 2024.

62.     Upon review of the real cannabis application, Ms. Baus was floored as it was not nearly as comprehensive as the planning board application she was told to complete and file.

63.     Ms. Baus was able to complete the real cannabis application in less than two (2) days.

64.     Had Ms. Baus been given the real cannabis application from the beginning, her application would have been the first filed.

9

65. On September 12, 2024, Ms. Baus filed Greenhouse's Cannabis Business License Application ("Application") with the Borough Clerk seeking a Resolution of Support to operate a Class V Cannabis Retailer business at 1981 Kings Highway, Swedesboro, NJ 08085 (the "Property").

*Greenhouse satisfies all Borough requirements for a Class V Cannabis Retailer license*

66. Greenhouse's Application provided all the necessary information to satisfy the Borough's requirements and, by virtue of the qualifications and experience of its principals and financial sources, environmental impact plan, safety and security plan, plans to conduct institutional board-approved research, commitment as a responsible employer, ties to the host community, and demonstrated commitment to diversity in its ownership composition, was positioned to score higher on the merits of its submission than the other respondent who applied.

*The Borough refuses to consider awarding Greenhouse a resolution of support*

67. Despite this and despite the Borough having given the wrong application to Greenhouse, the Borough refused to consider issuing a Resolution of Support to Greenhouse. Such action was arbitrary and capricious, was without any basis in law or fact, was discriminatory and plainly violated Plaintiffs' constitutional rights.

68. The Borough's decision was arbitrary and capricious, was without any basis in law or fact, was discriminatory and plainly violated Plaintiffs' constitutional rights.

69. The Borough held no hearing to discuss providing Greenhouse with a resolution of support and refused to even give Greenhouse the opportunity to present its position and consequently, the Council imposed such restrictions on Greenhouse via the amendment to the Ordinance in flagrant deprivation of Plaintiffs' constitutional rights. Such restrictions have made

it impossible for Plaintiffs to move forward with its license. Plaintiffs have appealed the Borough's decision in New Jersey Superior Court, where the case is currently pending.

## COUNT I
### (Declaration that the Policy is Unconstitutional – 28 U.S.C. § 2201)

70.    Plaintiffs repeat and reallege the allegations contained in the Complaint as if more fully set forth herein.

71.    Defendants are "persons" within the definition of the Federal Civil Rights Act at 42 U.S.C. §1983 and required to act pursuant to the requirements expressed therein.

72.    Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

73.    Defendants implemented unconstitutional and discriminatory policies and practices as aforesaid applicable only as to Plaintiffs.

74.    The policies and practices were established by the Defendants and/or officials appointed by the Defendants and delegated with express authority to make, adopt and enforce such policies and practices.

75.    The aforesaid policies, practices and conduct of Defendants are constitutionally defective in application and effect for failing to provide the impartiality required by the due process clause of the United States Constitution and by its invidious discrimination prohibited by the equal protection clause of the United States Constitution.

WHEREFORE Plaintiffs demand the following relief against Defendants:

A.  Declaration that the policies and practices of Defendants be declared unconstitutional;

B.  Defendants, their employees and agents be enjoined from further implementation of these unconstitutional policies and practices;

C.  Attorneys' fees, interest and costs of suit; and

D.  Any other relief as the Court deems just and equitable.

**COUNT II**
**(Violation of 42 U.S.C. 1983, Due Process and Equal Protection)**

76.   Plaintiffs repeat and reallege the allegations contained in the Complaint as if more fully set forth herein.

77.   Defendants are "persons" within the definition of the Federal Civil Rights Act at 42 U.S.C. §1983 and required to act pursuant to the requirements expressed therein.

78.   Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

79.   Defendants implemented unconstitutional and discriminatory policies and practices as aforementioned applicable only to Plaintiffs.

80.   Application of Defendants' policies and practices to Plaintiffs alone had deprived Plaintiffs of due process and equal protection.

81.   By and through their course of conduct, policies and practices as alleged herein, Defendants deprived Plaintiffs of their rights, privileges or immunities secured by the United States Constitution, deprived Plaintiffs of their liberties without due process of law, and deprived Plaintiffs of their rights to equal protection under the law.

82.   By further refusing or neglecting to prevent such deprivations and denials to Plaintiffs, Defendants thereby deprived them of their rights, privileges and immunities as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

83.   The aforesaid unlawful acts and conducts of Defendants were done willfully, maliciously and with callous disregard of Plaintiffs' rights.

84.   As a direct and proximate result of the Defendants' violations of Plaintiffs' constitutional rights, Plaintiffs have suffered severe and substantial damages. These damages

12

include litigation expenses including attorney fees, loss of business, and other compensatory damages in an amount to be determined by a jury and the Court.

**WHEREFORE** Plaintiffs demand the following relief against Defendants:

A. Declaration that the policies of Defendants be declared unconstitutional;

B. Defendants, their employees and agents be enjoined from further implementation of these unconstitutional policies;

C. The actions of Defendants be declared unconstitutional;

D. Sanctions;

E. Punitive damages;

F. Attorneys' fees, interest and costs of suit; and

G. Any other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues permitted to be tried by a jury.

**MICCI J. WEISS LAW**
Attorney for Plaintiffs

By: */s/ Micci J. Weiss*
Micci J. Weiss

Date: October 3, 2024